FILED
JUL 0 2 2019
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

UNITED STATES DISTRICT COURT

for the

EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JUSTIN M. LONGWORTH, ]<br>Plaintiff, ]<br> ]<br> ]<br>v. ]<br> ]<br>UNITED STATES DEPARTMENT OF ]<br>JUSTICE, FEDERAL BUREAU OF ]<br>PRISONS, ]<br>A. Mansukhani, Warden, in his ]<br>official and individual capcity,]<br>and ]<br>Sherry M. Beck, Facilities, in ]<br>her official and individual ]<br>capacity, ]<br>Defendants. ]<br>_____] | CIVIL COMPLAINT<br><br>Case No. 5:19-CT-3199<br><br>JURY TRIAL DEMANDED |

Plaintiff, Justin M. Longworth, in and for his Complaint against Defendants, United States Department of Justice, Federal Bureau of Prisons, AND A. Mansukhani, Warden, in his official and individual capacity, AND Sherry M. Beck, Facilities, in her official and individual capacity, hereby alleges and states the following.

## PARTIES

1. Plaintiff, Justin M. Longworth, has a mailing address of P.O. Box 1000, Federal Correctional Complex (Low), Petersburg, Virginia, 23804;

2. Defendant, A. mansukhani, is the Warden of FCI Butner, Medium I, and has a mailing address of Old N.C. Highway 75, Butner, North Carolina, 27509;

3. Defendant, Sherry M. Beck, is and/or was the acting secretary of the Facilities department of FCI Butner, Medium

I, and her last known mailing address is Old N.C. Highway 75, Butner, North Carolina, 27509;

4. Defendant, Federal Bureau of Prisons, a branch of the United States Department of Justice, has a mailing address of 320 First Street, N.W., Washington, D.C., 20534;

## JURISDICTION AND VENUE

5. This honorable Court has jurisdiction over this matter pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed 2d 619 (1971);

6. Venue in this Court is proper because the injuries and constitutional violations and other actions alleged herein occurred within the Eastern District of North Caroliona while Plaintiff was incarcerated at FCI Butner Medium I;

## FACTUAL BACKGROUND

Plaintiff is currently incarcerated at FCC Petersburg (Low), in Petersburg, Virginia after being administratively transferred from FCI Butner, Medium I, whereat Plaintiff was repeatedly subjected to deliberate and intentional sexual assault at the hands of Defendant, Sherry M. Beck, the secretary of the Facilities department of which Plaintiff was an employee. Defendant Beck consistently and constantly violated Plaintiff's right to be free from sexual assault and/or sexual contact by supervising prison guards, constituting a violation of Plaintiff's consitutional rights and violations of the Prison Rape Elimination Act (PREA).

Defendant Beck, who was supervised by and employed by Defendant Mansukhani, used her position of authority over Plaintiff to manipulate

and/or intimidate Plaintiff and/or coerce Plaintiff into an unlawful sexual relationship. Plaintiff attempted to repeatedly reject Defendant Beck's sexual advances, but was directed to follow Defendant Beck into isolated areas, such as the file room and/or other office areas in which Defendant Beck would then kiss Plaintiff, perform oral sex on Plaintiff, caress Plaintiff's body, force Plaintiff to finger Defendant Beck's genital area, and Defendant Beck would even bite Plaintiff on the neck and chest.

Defendant Beck would then bring Plaintiff things of value such as fast food and/or other gifts without Plaintiff asking for them. The sexual conduct became an every day occurance, despite Plaintiff's inmate file depicting a vast history of mental, physical and sexual abuse as a child which resulted in the diagnosis of multiple mental disorders and/or mental conditions which were and continue to be exacerbated by Defendant Beck's continued conduct. Other correctional officers that worked with Defendant Beck became suspicious about the continued close interactions between Defendant Beck and Plaintiff, with one correctional officer questioning Defendant Beck about why she appeared disheveled after reappearing from an isolated area as aforementioned herein.

The conduct and possessive nature of Defendant Beck worsened when Defendant Beck used her position of authority to manipulate Plaintiff into modifying his body--that is, asking and/or telling Plaintiff to tattoo Defendant' Beck's initials and Bureau retirement date on himself, at which time Defendant Beck stated she would take off her wedding ring. Out of fear of repercussion, Plaintiff complied with Defendant Beck's unlawful request. Suspicion of Defendant Beck grew, and eventually she was reported by Officer Haught to

facilities supervisory staff who confirmed and validated Officer Haught's concerns. Plaintiff was then fired from his position at facilities in an effort to protect Defendant Beck's career of eighteen years with the Federal Bureau of Prisons, resulting in a loss of earned income capability for Plaintiff on September 26, 2018. Facilities staff, however, failed to report Defendant Beck's unlawful conduct to SIS or the SIA, and/or Defendant Mansukhani, the Warden.

After learning that Plaintiff was terminated from his position at facilities, Defendant Beck unlawfully sent and/or transferred a sum-total of one-hundred ($100.00) dollars and zero cents to Plaintiff's trust fund account via Western Union under an alias that closely resembles Defendant Beck's actual name. On September 28, 2018, Plaintiff was unlawfully placed into the solitary housing unit (SHU) for bogus allegations of threatening staff members which were later dismissed. While in the SHU, Plaintiff reported Defendant Beck's unlawful sexual conduct and manipulation to SIS and SIA Kerny without being prompted, signing a three-page affidavit. Defendant Beck was fired five (5) days later, and continues to write Plaintiff threatening love letters to present day, unprompted. Plaintiff was then administratively transferred to FCI Petersburg Low in the dead of night in the back of a police car, placed in the SHU for a period of more than four (4) months upon arrival, until released to general population. Plaintiff has received more communication from Defendant Beck, and continues to suffer from her unlawful actions. Sexual contact and sexual abuse are violations of the Eighth Amendment.

Plaintiff, in fearing repercussion for his actions of defying Defendant Beck's unlawful sexual advances, was essentially forced to enter into an ongoing sexual relationship with Defendant Beck. However, as the Prison Rape Elimination Act has clearly established, sexual contact with Plaintiff would and does constitute sexual assault, as inmates cannot legally consent to sex with anyone to include supervising jail officers and/or officials. Plaintiff, in an effort to stem the ongoing illegal conduct, attempted to avoid Defendant Beck, who would follow Plaintiff and ask him why he kept avoiding her. Correctional Officer Haught expressed his concern over Defendant Beck's inappropriate conduct and sexual commentary to Plaintiff on a repeated basis, even telling Plaintiff that Haught went home and told his wife of the conduct because Haught's wife was an aquaintence of Defendant Beck.

During a hurricane, Ms. Beck was in the Duke Unit basement with Plaintiff, as Plaintiff, an employee of plumbing prior to being terminated, was called to change a pump. While another inmate worked on the pump, Defendant Beck coerced Plaintiff into sexual contact, kissing Plaintiff and making Plaintiff touch her breasts and butt, and placing her hands all over Plaintiff's body. Defendant Beck expressed her desire to have oral sex with Plaintiff, to which Plaintiff declined, explaining a medical condition. Reluctantly, Plaintiff was forced to expose his penis to Defendant Beck to prove this medical condition. The conduct continued thereafter, in the attic at a later date in which Defendant Beck performed oral sex on Plaintiff, and then the offices of the facilities department, where Defendant Beck would coerce Plaintiff into sexual contact, making out and groping Plaintiff, touching Plaintiff's genitals and forcing

him to touch hers. The continued conduct exacerbated Plaintiff's psychological conditions which stem from a history of being sexually assaulted and/or abused as a child, resulting in extreme mental anguish, confusion, guilt, and loss of sleep.

Plaintiff was afraid to be in trouble. It was this fear that catapulted the requests of Defendant Beck to the manipulation of Plaintiff to surrender his personal watch, a white G-Shock of which Plaintiff paid a sum-total of $300.00 worth of stamps to another inmate for. Plaintiff was told that he would surrender the watch to Defendant Beck if Plaintiff loved her. It was the fear, not love, that made Plaintiff surrender his prized watch to Defendant Beck. Defendant Beck was so possessive over Plaintiff that when she learned Plaintiff had been fired from his post at facilities, Defendant Beck got into a heated argument with the Bureau staff of facilities. It was then, on that day, that she transferred a sum-total of $100.00 to Plaintiff, uprompted.

It is concerning, that despite the so-called appropriate administrative actions of the Bureau as outlined in the administrative remedy process, that Defendant Beck continues to write Plaintiff letters which are then delivered to his person while incarcerated. The letters depict an unlawful and scary obsession with Plaintiff, with the latest letter telling Plaintiff that he and his paramour would end up in a graveyard. Plaintiff has undwerwent psychological testing and was diagnosed with PTSD as a result of sexual abuse. It is incredible to assume that staff and supervisors knew nothing about Defendant Beck's inappropriate behavior in the eighteen years she worked for the Bureau. This Complaint follows.

## PLRA CERTIFICATION

Plaintiff, Justin M. Longworth, pro se, hereby states that he has exhausted his Administrative Remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e, which are attached hereto and incorporated as Attatchment 1.

## COUNTS

### COUNT ONE - EIGHTH AMENDMENT VIOLATIONS

1. Defendant Beck sexually assaulted Plaintiff.
2. Defendant Beck sexually harassed Plaintiff.
3. Defendant Beck's conduct as described within this Complaint violates clearly established laws, to include but not be limited to the Prison Rape Elimination Act.
4. Plaintiff reincorporates and restates the Factual Background as if fully set forth herein.
6. Defendant Beck's conduct and sexual assault of Plaintiff are not a legitimate part of a prisoner's punishment.
7. Defendant Beck's conduct is cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.
8. Defendant Beck's conduct was calculated and is calculated and continues to this day.
9. Defendant Beck's conduct is and was unrelated to prison needs.
10. Defendant Beck acted with a sufficiently culpable state of mind.
11. Defendant Beck's conduct violated and violates the contemporary standards of decency, and caused Plaintiff physical and psychological harm.
12. The harm suffered by Plaintiff is sufficiently serious and

monetarily compensable pursuant to 42 U.S.C. § 1997e(e) for violations of 18 U.S.C. § 2246, commissions of a sexual act.

13. Defendant Beck knew that her actions and conduct were and are illegal, knew of the facts of the risk of harm to Plaintiff, and Defendant Beck conciously disregarded those facts.

14. Plaintiff is entitled to punitive damages and compensatory relief as a result of Defendant Beck's illegal conduct.

## COUNT TWO - FOURTH AMENDMENT VIOLATIONS

15. Plaintiff reincorporates and restates the Factual Background and Paragraphs 1-14 as if fully set forth herein.

16. The Fourth Amendment encompasses a narrow right to bodily privacy in prison.

17. Defendant Beck's conduct was and is demeaning and humilating with regard to Plaintiff.

18. Defendant Beck's conduct violates Plaintiff's bodily integrity.

19. Defendant Beck's conduct violates the Fourth Amendment to the United States Constitution.

## COUNT THREE - DELIBERATE INDIFFERENCE

20. Plaintiff reincorporates and restates the Factual Background and Paragraphs 1-19 as if fully set forth herein.

21. Defendant Beck and Defendant Mansukhani have a duty to take reasonable measures to gurantee the safety of those in thjeir care and to provide for their protection.

22. Defendant Beck and Defendant Mansukhani knowingly subjected Plaintiff to a risk of serious harm that was objectively unreasonable.

23. Defendant Beck acted with deliberate indifference.
24. Defendant Mansukhani acted with deliberate indifference.

## COUNT FOUR – CONSPIRACY

25. Plaintiff reincorporates the Factual Background and Paragraphs 1-24 as if fully set forth herein.
26. In terminating Plaintiff's employment from facilities and retaining Defendant's employment for however long a period of time, Defendants conspired to deprive Plaintiff of earned income, subjecting him to further punishment in violation of Plaintiff's Eighth Amendment rights under the United States Constitution.

## COUNT FIVE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27. Plaintiff reincorporates the Factual Background and Paragraphs 1-26 as if fully set forth herein.
28. Defendant Beck's conduct is and was atrocious, intolerable, and so outrageous as to exceed the bounds of decency.
29. Defendant Beck's conduct exacerbated Plaintiff's psychological conditions which were known to the Federal Bureau of Prisons.
30. Defendant Beck acted with the intent to inflict emotional distress.
31. Defendant Beck acted recklessly when it was certain or substantially certain emotional distress would result from her conduct.
32. Defendant Beck's conduct cause Plaintiff to suffer emotional distress that no reasonable person could be expected to endure.
33. Plaintiff is therefore entitled to punitive and compensatory damages.

## COUNT SIX - NEGLIGENT RETENTION OR SUPERVISION

34. Plaintiff reincorporates and restates the Factual Background and Paragaphs 1-33 as if fully set forth herein.
35. Defendants United States Department of Justice, Federal B Bureau of Prisons, and Defendant Mansukhani knew or should have known that in the scope of Defendant Beck's eighteen years of employment, Defendant Beck behaved and/or behaves in a dangerous or otherwise incompetent manner and failed to supervise the employee adequately or take other action to prevent harm to Plaintiff, instead allowing Defendant Beck to isolate Plaintiff, sexually assaulting Plaintiff.
36. Defendant Mansukhani allowed Plaintiff to be placed in the SHU, and retained employment of Defendant Beck for a period of time after Defendant Beck was accused of sexual assault.
37. Plaintiff is entitled to monetary and compensatory relief.
38. With regard to all counts, no Defendant is entitled to qualified immunity.

## AFFIRMATION AND DECLARATION

Justin M. Longworth, pro se, under penalty of perjury, hereby declares the foregoing to be true and correct to the best of his knowledge and belief and that this Complaint is not misleading or frivolous.

This, the 27th day of June, 2019.

Respectfully,

*[signature]*

JUSTIN M. LONGWORTH

## PRAYER FOR RELIEF

Plaintiff, Justin M. Longworth, pro se, hereby moves this honorable Court to grant him the following relief:

1. Punitive damages in excess of the jurisdictional limits of this Court;
2. Compensatory relief in the amount of two-hundred-fifty ($250,000) thousand dollars;
3. Immediate release from incarceration;
4. Back-pay from Plaintiff's facilities job;
5. Injunctive relief preventing Defendant Beck from contacting Plaintiff further, and Plaintiff's family and any of Plaintiff's future or current paramours; spouses, employers, or supervising prison officials; and
6. Any and all other equitable relief, to include but not be limited to applicable interest that this Court deems just and proper.

This, the 27TH day of June, 2019.

Respectfully Submitted,

JUSTIN M. LONGWORTH
Plaintiff, pro se
Register Number: 76941-065
Lee Hall
Federal Correctional Complex
P.O. Box 1000
Petersburg, Va. 23804